**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John D. Parker, II; Regina Parker, | No. CV 09-2003-PHX-JAT |
| Plaintiffs, | **ORDER** |
| vs. | |
| Shaw & Lines, LLC, an Arizona limited liability company; Augustus H. Shaw, IV; Andrada B. Shaw; Mark E. Lines; Emily E. Lines, | |
| Defendants. | |

Pending before the Court are Defendants Shaw & Lines, LLC, Augustus H. Shaw, Andrada B. Shaw, Mark E. Lines, and Emily E. Lines' Motion to Dismiss Plaintiffs' Complaint (Doc. # 18), and Rule 7.2(i) Request for Summary Disposition (Doc. # 22). For the reasons that follow, the Court grants Defendants' request for summary disposition.

Local Rule of Civil Procedure 7.2(i) provides that if a party, represented by "counsel does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." LRCiv. 7.2(i). Local Rule 7.2(c) requires responsive memoranda to be filed within fourteen days after a motion is served. In this case, Defendants filed their motion to dismiss on February 12, 2010. Plaintiffs did not respond to Defendants' motion. On March 3, 2010, Defendants filed a request for summary disposition under LRCiv. 7.2(i). On March

17, Plaintiffs filed what the Court can only assume is a response to Defendants' February 12 motion to dismiss, as Plaintiffs, in their March 17 filing, do not address, much less mention, Defendants' request for summary disposition, nor LRCiv. 7.2(i). Moreover, Plaintiffs do not state why their responsive memorandum is untimely, nor do Plaintiffs seek leave of Court to file a late response. Plaintiffs have yet to respond to Defendants' request for summary disposition.

"Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *U.S. v. Warren,* 601 F.2d 471, 474 (9th Cir. 1979)). Before granting Defendants' motion for failure to abide by a local rule, however, the Court "is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986)). "This 'test' is not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills,* 482 F.3d 1091, 1096 (9th Cir. 2007).

Here, the first, second, and third factors all weigh in favor of summarily dismissing this case. The first factor "always favors dismissal," *Yourish v. California Amplifier,* 191 F.3d 983, 990 (9th Cir. 1999), and the second factor usually favors dismissal, *Wanderer v. Johnston,* 910 F.2d 652, 656 (9th Cir. 1990), and this case is no exception. In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. Plaintiffs had ample time to respond to Defendants' motion to dismiss but have failed to do so in a timely manner. Moreover, even if Plaintiffs did not have ample time to respond to Defendants' motion, they failed to request an extension of time in which to respond to Defendants' motion, or even offer an explanation for failing to file a responsive memorandum within the allotted time frame. Because the Court and public have a strong interest in judicial efficiency and the

prompt resolution of litigation, dismissal under the circumstances described above is appropriate.

With respect to the third factor, the Court finds that Plaintiffs' refusal to respond causes Defendants to suffer prejudice. Defendants have taken timely action to address Plaintiffs' claims and reduce the cost and complexity of this litigation, and Plaintiffs' refusal to timely respond, if permitted to continue, would only frustrate those efforts. This is especially true in a case like this, where this is not Plaintiffs' first brush with tardiness, as Plaintiffs failed to timely serve under Rule 4(m), and have failed to respond to Defendants' motion under Rule 7.2(i). Moreover, the third factor also weighs in favor of dismissal in this case, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). It is axiomatic that, as time passes, it becomes harder for Defendants to defend the action as witnesses become unavailable and memories fade. *See Efaw v. Williams,* 473 F.3d 1038, 1041 (9th Cir. 2007) (passage of time can prejudice a defendant).

Although the fourth factor–public policy favoring disposition of cases on their merits–weighs against granting Defendants' motion, the Court finds this factor to be greatly outweighed by the factors in favor of granting the motions as discussed above. The Court finds this to be particularly true where, as here, Plaintiffs would have difficulty proceeding with their claims under 15 U.S.C. § 1692 *et. seq.* Although the Court does not decide whether Plaintiffs have failed to state a claim upon which relief may be granted, the Court does note that, as Plaintiffs admit, service was not completed within the 120 days as required by Rule 4(m). In its September 28, 2009 Order, the Court warned Plaintiffs that "the Court shall dismiss this action without further notice to the Plaintiff with respect to any Defendant named in the Complaint that is not served in accordance with Rule 4 of the Federal Rules of Civil Procedure within that 120-day period." (Doc. # 5 at p. 1.) Plaintiffs' failure to timely serve provides an alternative basis for this Court to dismiss Plaintiffs' action, and it highlights Plaintiffs inattention to Court deadlines. While factor four weighs against granting

- 3 -

1  Defendants' motion, the first three factors weigh heavily in favor of granting Defendants'
2  motion.
3      Finally, this Court concludes that the availability of less drastic sanctions does not
4  necessitate that those lesser sanctions be employed in the instant matter. With three factors
5  weighing in favor of granting Defendants' motions and, at best, two factors weighing against,
6  the Court finds the granting of Defendants' motions to be appropriate here. The Court's
7  decision is further supported by the fact that the granting of Defendants' motions is premised
8  upon a local rule that expressly permits the Court to summarily grant Defendant's unopposed
9  motions. *United States v. Warren,* 601 F.2d 471, 474 (9th Cir. 1979) ("Only in rare cases will
10 we question the exercise of discretion in connection with the application of local rules.").
11 Further, in the Court's September 28 Order, the Court emphasized, through the use of bold
12 lettering, that the failure to serve and file the required responsive memorandum to any motion
13 could result in the summary disposition of any such motion. Plaintiffs' failure to timely
14 respond despite the Court's express admonition supports the conclusion that imposition of
15 less drastic sanctions would not be beneficial. *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1262
16 (9th Cir. 1992) ("Moreover, our decisions also suggest that a district court's warning to a
17 party that failure to obey the court's order will result in dismissal can satisfy the
18 'consideration of [less drastic sanctions]' requirement."). Plaintiffs have: failed to timely
19 serve; failed to timely respond to Defendants' motion to dismiss; failed to request leave of
20 Court to file a late response or otherwise explain the tardiness of this response; and failed to
21 file any response to Defendants' request for summary disposition. Plaintiffs have repeatedly
22 ignored the rules and the Court's own Order respecting deadlines. A less drastic sanction
23 would not be beneficial.
24     The Court thus concludes that granting Defendants' motion to dismiss under LRCiv.
25 7.2(i) is justified and appropriate. Defendants' request for attorneys' fees and costs is denied.
26 To the extent this request is premised upon 15 U.S.C. § 1692k(a)(3), there is no evidence that
27 Plaintiffs brought this action in bad faith or for the purpose of harassment.
28     Accordingly,

**IT IS ORDERED** that Defendants Shaw & Lines, LLC, Augustus H. Shaw, Andrada B. Shaw, Mark E. Lines, and Emily E. Lines' Rule 7.2(i) Request for Summary Disposition (Doc. # 22) is granted.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Plaintiffs' Complaint (Doc. # 18) is granted. The Clerk of the Court shall enter judgment accordingly, and dismiss this case without prejudice.

DATED this 19th day of April, 2010.

*James A. Teilborg*
United States District Judge